# Gabbett, *et al. v.* Knight.

### *Bill to Quiet Title.*

(Decided Nov. 24, 1910.   53 South. 828.)

*Public Lands; School Lands; Sale; Default; Right of Trustee to Revoke.*—Considering together sections 3647, 3648-9, Code 1896, it is held that section 3649, authorizes a certificate revesting title in the state only, in case of non-payment of the purchase money, and that such a certificate could not issue, to avoid the sale on the ground of fraud, the remedy in that case being by suit to cancel same; hence, a re-sale after the issuance of such certificate was void and conferred no rights or title on the second purchaser.

APPEAL from Houston Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill to quiet title by John C. Knight against J. W. Gabbett and others. From a judgment for complainant, respondents appeal. Affirmed.

The bill alleges proceedings leading up to a sale of sixteenth sections or school lands; that orator became the purchaser, executed notes, paid a certain cash price,

[Gabbett, et al. v. Knight.]

and received a certificate of the township trustees to the lands in question. Orator then alleges that he understands that respondent is asserting some claim, or claims to own or is reputed to own some interest, in the said land. It is then alleged that orator is in the peaceable possession of the land, and that no suit is pending to test the title of defendant. Some of the respondents answered, denying possession in complainant, and asserting their possession, setting out in extenso the character of their possession and occupancy. They further assert by their answer that complainant failed to furnish securities on his notes satisfactory to the township trustees, and they annulled the sale and the certificate of sale, and tendered complainant's note back to him. They further assert that the issuance and delivery of certificate was made subject to complainant's conforming to the sale therein, and this he never did. Other respondents answered, denying that they claimed any right, title, or interest in the same. Other respondents answered, admitting the sale as alleged by complainant, but asserting that the security was not satisfactory to the township trustees, and that they as a result thereof annulled the sale and certificate issued to complainant, made a resale of the land, and that these respondents became the purchasers; that they were the second and next best bidders at the sale, and paid cash for the amount of their purchase, and they claimed title to said lands threunder. This last answer was in the nature of a cross-bill, and sought to have the original certificate and notes annulled.

A. E. PACE, W. L. LEE, and R. D. CRAWFORD, for appellant. The cross-bill had an equity independent of the original bill, and hence, the dismissal of the original bill had no effect upon

the cross-bill.—*Albes v. Planters,* 92 Ala. 382; *E. M. Co. v. W. V. M. Co.,* 121 Ala. 672; *Meyer v. Calera L. Co.,* 133 Ala. 554 The appeal was taken in time— *Barclay v. Spragins,* 80 Ala. 377; *Jones v. Woodstock,* 90 Ala. 545; *Festorazzi v. St. John's Church,* 96 Ala. 176. Counsel discuss the sections of the Code applicable to this case and conclude that the sureties being insolvent, the first sale was subject to be set aside by the trustees, and having been set aside, that the second sale was regular in all respects, and the purchaser there acquired a good title. They further insist that the certificate was nothing more than a receipt, and hence, was open to explanation, modification or contradiction by parol evidence.—*Gravelee v. Lampkin,* 120 Ala. 221; *Willoughby v. Hannon,* 156 Ala. 587.

ESPY & FARMER, for appellee. No brief reached the Reporter.

ANDERSON, J.—The land involved was school land, and the sale thereof was made by the trustees, under article 2, c. 100, of the Code of 1896. The land was first sold and bid in by the cross-respondent Knight. He gave his notes, with sureties, to the trustees, and received a certificate of purchase from them, under section 3647. Section 3648 declares the effect of the certificate, and provides that the purchaser, his heirs or assigns, acquire thereunder a conditional estate in fee, to become absolute on the payment of the purchase money and interest, and to revert to the state for the uses originally granted in the following cases: "(1) When all notes have become due, and the makers have left the state, or died insolvent. (2) When a recovery on such notes is defeated by any defense avoiding the contract of sale. (3) When a recovery is had against all the

[Gabbett, et al. v. Knight.]

makers, and execution has been returned 'No property' by the proper officer of the county in which the township lies, or when judgment is had, and execution returned against any one or more of such makers 'No property,' and the others have left the state or died insolvent." Section 3649 provides for the revesting of title upon certificate of the clerk, without the necessity of legal proceedings for that purpose. It will be noted from the above that there is no chance for the state to lose the title to the land until the purchase price is paid, principal and interest.

Section 3647 provides for a resale of the land only in case the purchaser fails to make the payment or give his notes with approved sureties as required. This section applies only to cases where the purchaser fails to do things which would entitle him to a certificate, such as make the payment or give the proper notes, and does not authorize the trustees to set aside the sale, after the notes have been accepted and a certificate is issued and delivered. If the notes were not satisfactory, they should have rejected them and resold the land before issuing the certificate, and not arbitarily set their certificate aside and resell the land. The issuance of the certificate by them cut off all authority given them under the statute to resell the land under the existing proceedings. If the purchaser paid the notes, he acquired an absolute title; if he failed to do so, the title would be revested in the state under the terms of sections 3647, 3648. If there was a loss in the transaction, in case the state got the land back, because of the insolvency of the purchasers or the sureties, it was the fault of the trustees, who should have learned of their insolvency before issuing the certificate.

It is urged that the purchaser practiced a fraud on the trustees, and that the certificate was issued condi-

tionally. If this fact was true, and could be shown by parol, which we need not decide, then the trustees should have applied to the proper tribunal to cancel the certificate; but they had no right to do so of their own volition, under the statute, and until the certificate was cancelled by the proper tribunal their action in setting the same aside and reselling the property was void, and the purchaser at said resale acquired no right, title, or interest in the land whatsoever. The fact that the trustees could avoid the certificate does not operate to the benefit of the second purchaser. The first sale was not void, and was at most voidable, upon seasonable application by the trustees, and until it was avoided the certificate was binding and prevented a valid resale of the land. The cross-complainant, having no interest in or right to the land, cannot maintain the cross-bill to remove the certificate as a cloud on his title. He has no title to be clouded, and courts of equity will not do vain and useless things.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.